THE CITRON-BYER COMPANY, complainant-appellant,

*v.*

H. E. SALZBURG COMPANY, INCORPORATED, defendant-respondent.

[Submitted February 15th, 1928.   Decided May 14th, 1928.]

The evidence in this case fails to show that the parties had completed their negotiations, and concluded a contract, definite and complete, in all its terms, and, hence, the trial court properly dismissed the bill of complaint.

---

On appeal from a decree of the court of chancery.

*Mr. Bernard Freedman,* for the complainant-appellant.

*Messrs. Brenner & Kresch,* for the defendant-respondent.

The opinion of the court was delivered by

McGLENNON, J.

The bill of complaint in this case alleges that the defendant, on or about June 28th, 1927, purchased in its name a certain trolley line and equipment from the Newport Electric Corporation of Newport, Rhode Island, on behalf of itself, complainant, and M. K. Frank, under an arrangement between them, to the effect that the purchase should be made and held in three equal parts, as a joint venture, and that the profits and losses arising therefrom should be borne in equal one-third parts; but that defendant repudiated the agreement, and denied the interests of the others, and appropriated and converted the property to its own use, and relief is prayed for discovery and accounting to the complainant.

The answer denied the alleged agreement for a joint venture, and declared the transaction was an individual purchase, as a result of competitive bidding against the other parties.

The court of chancery dismissed the bill of complaint for the reason that the proofs were not sufficiently definite and distinct, in order to establish the agreement as alleged. Complainant appeals, and urges that, under the proofs, he should have had a decree. There was no writing signed by the parties.

The opinion of the trial court points out several items in complainant's proofs tending to show that complete details and absolute agreement had not been reached by conference between the parties, but that an appointment was made for further conference the following day, at which time defendant did not appear, and certain details were never settled.

From our reading of the case we find that complainant's evidence fell short of proofs of any complete agreement, without regard to the categorical denials by defendant. It appears that the Citron-Byer Company, H. E. Salzburg Com-

pany, Incorporated, and M. K. Frank, in response to requests from the Newport Electric Corporation, submitted independent bids for the purchase of a trolley line and equipment, which the electric company intended to dismantle. Other bids were submitted, but these parties were the three highest bidders. There was a variation in the bids submitted. The Salzburg bid was in a lump sum for real estate and personal property. M. K. Frank bid only on the personal property, and the Citron-Byer Company's bid was for both real estate and personal property, but so divided as to indicate the amount which would be paid for each.

Counsel for the electric company then called these three bidders into conference in his office, and stated that the electric company had decided to withdraw the real estate from the sale, and invited them to submit new proposals by changing their bids to conform to the new basis—the purchase of the personal property alone. The three then went into another room, where they conferred. Upon their return complainant and Frank declined to raise their bids, but defendant did present a new bid, which was declared successful. It is in dispute, whether the amount of this bid was announced at the time of the award, or made known to Frank and the complainant. Nevertheless, they claim and testify generally that the agreement alleged was arrived at during the conference, held in the interval, when all parties retired to consider the invitation to make changes in their bids just prior to returning to the room, where defendant submitted its new and successful offer.

Without reciting the testimony at length, it is enough to point out that complainant Citron, when questioned about the last meeting at Frank's office, said that various matters were discussed, but "there was not any definite arrangement made at that time," and that an agreement was made to meet again on the following day "and decide definitely," and that Salzburg said he wanted to talk it over with his partner before deciding and drawing the agreement "in a legal way— that is on paper; that was the understanding." He also says that mention was made as to who should superintend the dismantling, but that they could not decide, as Salzburg "said he

couldn't discuss the matter, he had to talk it over with Mr. Gross, and we made an appointment for the following day, which he did not keep."

Frank also testified that Salzburg did not say "whether he would take it or not;" that "he didn't say anything about taking it at that time—taking the money," but that he wanted to get away from there, and think the matter over, and talk it over with his partner about what machines he wanted, "and this and that and other details;" that such was the purpose of the meeting the next day, "together with the papers, that were all to be drawn up." Another witness, Goldsmith, said Mr. Salzburg left Frank's office saying "he was in a hurry, and wanted to consult Mr. Gross, and rather than make the necessary settlement right there," he agreed to an appointment for the next day.

There is also evidence that some of the parties desired to purchase or control certain parts of the property for themselves. Citron would look after the scrap, Frank the rails and Salzburg the electric machinery. They talked about prices for this allotment of the property without apparently arriving at any definite understanding.

The proofs, as a whole, show strenuous efforts made by unsuccessful bidders to force the successful one into some arrangement in order to share in the profits, either jointly or in separate portions, but without success. Nowhere is there any mention of agreement as to when or in what manner any consideration should be paid. There is no stipulation whatever as to division of labor, division of expense, or how much time each was to contribute.

In this state of the proofs we can conceive of no other conclusion than that reached by the court of chancery.

The decree of the court of chancery will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ.   14.

*For reversal*—None.